UNSATISFIED CLAIM & JUDGMENT FUND, PLAINTIFF, v. DAVID GONZALEZ, DEFENDANT, THIRD PARTY PLAINTIFF, v. MICHAEL CRESPO, JERSEY AUTO INS. TRAVEL AGENCY, N.J. AUTO. INS. PLAN & LIBERTY MUTUAL INS. CO., THIRD PARTY DEFENDANTS.

Superior Court of New Jersey
Law Division Hudson County

Decided April 29, 1988.

---

*William O. Pessel, Jr.* for plaintiff (*Connell, Foley & Geiser,* attorneys).

*Donald Parisi,* for defendant, third-party plaintiff (*Shaljian, Cammarata, O'Connor & Messano,* attorneys).

*William V. Roveto* for third-party defendant Liberty Mutual (*Moser, Roveto, McGough & Von Schaumburg,* attorneys).

RODRÍGUEZ, J.S.C.

This opinion supplements the court's oral decision. The main issue presented in this motion and cross-motion for summary judgment is whether plaintiff, Unsatisfied Claim & Judgment Fund, is a State agency. The issue appears to be one of first impression in New Jersey.

The procedural history is not in dispute. On December 6, 1981, Mary Francisco was a pedestrian who was struck by an automobile owned and driven by defendant David Gonzalez. As a result of the accident Mary Francisco sustained an injury. She brought suit against Gonzalez and, upon discovering that Gonzalez was not insured, she brought suit against the Unsat-

isfied Claim and Judgment Fund. That separate action is entitled: *Francisco v. Gonzalez et al.*, docket # L–073681–81.

On November 14, 1983, the fund agreed to the entry of a judgment against it *and* Gonzalez, in favor of Francisco in the amount of $13,000. The fund then paid to Francisco the amount of the judgment. On January 3, 1984, Francisco assigned her judgment against Gonzalez to the Director of the New Jersey Division of Motor Vehicles. Gonzalez subsequently filed a motion to vacate the judgment against him on the ground that the fund had not obtained his consent. On May 4, 1984, the court vacated the judgment against Gonzalez, however, the judgment against the fund remained. Thereafter, the fund brought a motion to compel Francisco to return the $13,000 and another motion to open the case against Gonzalez to determine his liability. Both motions were denied on December 12, 1984.

The fund filed the present suit against Gonzalez on January 7, 1985 based on the theories of assignment and subrogation. Gonzalez then filed a third-party complaint against an insurance agent (Crespo), the New Jersey Automobile Insurance (plan) and Liberty Mutual Insurance Company. Gonzalez asserts that: he paid insurance premiums to Crespo, received an insurance identification card from the plan, and the card indicated that Liberty Mutual was the liability insurer.

Gonzalez filed a motion to dismiss for failure to state a cause of action, asserting that the fund's claim was based solely on the assignment of the judgment by Francisco, and since the underlying judgment was later vacated, it could not support the fund's action. The fund responded to the motion by alleging that its claim was brought on the basis of the assignment as well as a statutory and common law right of subrogation. The motion was denied. The fund apparently concedes that the assignment of the judgment was not effective and is proceeding on subrogation theories only. Gonzalez now moves for summary judgment based upon the bar of the statute of limitations.

Liberty Mutual has filed a cross-motion for summary judgment on the same ground. In opposing summary judgment plaintiff asserts: the fund is a public entity and therefore the statute of limitations does not run against it; or alternatively, that its cause of action arose when judgment was entered against the fund.

Francisco's cause of action arose on December 6, 1981. The present action was initiated in January 1985. A two-year statute of limitations is applicable to tort actions, *N.J.S.A.* 2A:14-2. In New Jersey it is established that the statute of limitations does not run against the State, its agencies or subdivisions. *Port Authority of N.Y. & N.J. v. Bosco*, 193 *N.J.Super.* 696 (App.Div.1984). That doctrine stems from the superior and preeminent policy of preserving the public's rights, revenues and property from injury and losses, otherwise resulting from the inadvertence or neglect of public agents. *Trustees, Support Public Schools v. Ott & Brewer Co.*, 135 *N.J.Eq.* 174, 177–178 (Ch.1944).

Plaintiff asserts that the fund is a State agency. The court disagrees. The Legislature created the Unsatisfied Claim and Judgment Fund Board by enacting *N.J.S.A.* 39:6-64 which provides in part:

> There is hereby established *in, but not as part of* the Division of Motor Vehicles of the Department of Law & Public Safety, an Unsatisfied Claim and Judgment Fund Board consisting of the Director, the commissioner, and four representatives of insurers.[1] [Emphasis supplied]

The court does not discern a legislative intent to create a State entity from the above language. That intent, however, is found in the express language of enactments creating local housing authorities, *N.J.S.A.* 55:14A-4, the port authority, *N.J.S.A.* 32:1-4, and municipal port authorities, *N.J.S.A.* 40:68A-4. The fact that the fund is to be administered by State employees or that its moneys are deposited with the State treasurer does not

---

[1]This provision was amended April 24, 1985 to substitute "Department of Insurance" for "Division of Motor Vehicles," and delete "the director."

render the fund a State entity. The UCJF is funded by assessments against insurance carriers and collections from uninsured motorists, and not from public or taxpayer revenues, *N.J.S.A.* 39:6-63. Since no public funds are at stake, the principle stated in *Trustees, v. Ott & Brewer Co., supra,* is not applicable. The court concludes that the fund is not a State entity and thus is subject to the time limitations in *N.J.S.A.* 2A:14-2.

The fund, relying on *N.J.S.A.* 39:6-85, urges that its cause of action arose, not at the time of the accident, but rather when it agreed to the entry of a judgment against itself. *N.J.S.A.* 39:6-85 does not apply to the facts of this case. That section applies only to cases involving unidentified drivers or owners, *i.e.,* "hit and run" cases. Sections 6-78 to -85 of Title 39 deal only with hit and run cases. Section 85 specifically refers to judgments against the Commissioner of Insurance. Only in a hit and run case is judgment entered against the Commissioner, *N.J.S.A.* 39:6-84. In other cases the judgment is entered against the fund, *N.J.S.A.* 39:6-71. Section 85 provides in part that subrogation shall be brought "when and in the event that the identity of [the operator or owner] shall be established...." That language refers exclusively to hit and run defendants and not to drivers or owners whose identities are known but who happen to be uninsured.

*N.J.S.A.* 39:6-77 governs the assignment of judgments obtained against uninsured drivers. That statute provides in pertinent part that the Commissioner of Insurance on behalf of the fund, "shall be deemed to have all the rights of the judgment creditor under the judgment...." Subrogation is the substitution of one person in the place of another with reference to a lawful claim, demand or right. The underpinning of subrogation is its derivative nature. The subrogee obtains only the rights of the subrogor against the tortfeasor subject to any defenses of the wrongdoer against the injured party. No additional rights are created, and no new cause of action comes into existence. *Aetna Ins. Co. v. Gilchrist Brothers, Inc.,* 85

*N.J.* 550, 561 (1981). Under the facts in this case the fund merely suceeded to Mary Francisco's cause of action against Gonzalez. That claim arose on December 6, 1981. The present action was filed on January 7, 1985. Having already determined that the fund is not a State agency, and thus, is subject to the statute of limitations, the court concludes that the present action is time barred. Accordingly, defendant Gonzalez' motion and third-party defendant Liberty Mutual's cross-motion for summary judgment are granted.